IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KHRISTINE M. FLORAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: |
| v. ) | |
| ) | Trial By Jury Demanded |
| DELAWARE PARK, LLC a Delaware ) | |
| Limited Liability Company, ) | |
| ) | |
| Defendant, ) | |

## COMPLAINT

## THE PARTIES

1. The plaintiff, Khristine M. Floray (hereinafter referred to as "plaintiff") was at all times relevant to this complaint a resident of Elkton, Maryland.

2. The defendant, Delaware Park, LLC (hereinafter referred to as "defendant") is a limited liability company organized and existing under the laws of the State of Delaware whose agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. The defendant employs more than 500 employees.

3. The plaintiff was at all times relevant in this complaint, a female shift supervisor in the slots department of the gaming facility operated by the defendant.

## JURISDICTION

4. This Court has jurisdiction based upon the existence of a question arising under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII. Accordingly, this Court has jurisdiction over this controversy based on the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

## VENUE

5.  The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware, under 42 U.S.C. §1339(b).

## EXHAUSTION OF REMEDIES

6.  Prior to the filing of this action the plaintiff filed a timely charge of sexual discrimination, harassment, and retaliation simultaneously with the Delaware Department of Labor and the Equal Employment Opportunity Commission, on or about November 12, 2003, alleging the discriminatory, harassing, and retaliatory conduct which occurred beginning on February 15, 2003 and continuing until August 13, 2003.

7.  Subsequently, on April 26, 2005, the United States Equal Employment Opportunity Commission issued to the plaintiff a "Dismissal and Notice of Rights", which constituted a Notice of Right to Sue, which was received by the plaintiff on or about April 28, 2005.

## FACTS

8.  On November 18, 1999 the plaintiff was hired as an employee by the defendant.

9.  Beginning on November 18, 2000 the plaintiff began work as a shift supervisor in the Slots Department, managing aproximately 200 employees at the defendant's facility located in New Castle County, Delaware.

10. On or about February 15, 2003 the director of the slots department, in speaking to the plaintiff told the plaintiff : "You are acting like Marty (a female) the dingbat". The plaintiff told the director of slots that she did not appreciate being called a dingbat.

11. On that same day, February 15, 2003 the plaintiff spoke to the vice-president of the slots department about the comment made to her by the director, and was told that the vice-president did not know why the director would make such a statement, and that the vice-president would speak to the director about this comment.

12. On March 12, 2003 a male guard informed the plaintiff of a situation with a female area supervisor. When the guard refused to put the situation in writing, he was taken to the shift supervisor and was never informed that such conduct was improper. However, that incident formed the basis in part for a separate counseling notice given to the plaintiff, and signed by the director against whom she had made a complaint.

13. Less than a month after the February 15, 2003 conversation with the vice-president, in March 2003, the vice-president to which the plaintiff had made a complaint, met with the plaintiff on two separate occasions telling her that she had acted improperly on March 1, 2003, on March 9, 2003 and March 10, 2003, the result of which the plaintiff was provided an employee counseling notice on March 17, 2003, signed by the director of the slots department about whom the plaintiff had previously complained.

14. The March 17, 2003 employee counseling notice was a retaliatory job action for the plaintiff's alleged improper job performance, including, but not limited to, an overpaid jackpot on March 10, 2003, which she had been told to pay the jackpot, for which she had no previous training and was given confused instructions.

15. On March 19, 2003 the vice-president, to whom a complaint concerning the director had previously been made, again informed the plaintiff of her alleged bad job performance stating that she was "displaying unhelpful behavior", at about the same time the plaintiff provided the vice-president with a response to the write up given to her by the director.

16. On March 25, 2003 the plaintiff spoke with the Human Relations Director to voice the opinion that the Director of Slots had issued her an Employment Counseling Notice because of her complaints to the vice-president about the director's comments and disparaging gender based description of her as a "dingbat".

17. On March 25, 2003, during that same conversation, the plaintiff informed the director of Human Relations that the director had made the disparaging comment to her had treated a female employee unfairly, when she became ill.

18. On March 25, 2003 the plaintiff additionally told the Director of Human Resources that the director who had made a disparaging comment towards the plaintiff, had treated male employees differently then the female employees under the Progressive Discipline Policy, and that he had disciplined the male employees less severely than the female employees, in that he had double marked the female employee. The Human Relations Director stated "I have told them not to double mark people".

19. On April 15, 2003 the Director of Human Resources asked the plaintiff to meet in her office. During that meeting she was told that she was very honest, but too honest and that she must support management. The plaintiff was further instructed not to blind copy of the Director of Human Resources and that she did not want to become involved in these matters any further. During that conversation the plaintiff was informed that although she might like her job, Delaware Park was not the only place for employment.

20. On August 13, 2003 in a meeting in the vice-president's office, the Vice-President for Human Relations, Nancy Misko and the vice-president met with the plaintiff, and she was informed that her employment with Delaware Park was terminated. During that meeting the

plaintiff was informed that she was being terminated due to reconstruction in management and not for performance reasons.

21. The termination of the plaintiff was done in violation of the Progressive Discipline Policy at Delaware Park, and was done in retaliation for the plaintiff's complaints about discriminatory comments made towards her as well as her complaints about discriminatory treatment of other female employees.

22. As a direct and proximate result of the actions of the defendant, the plaintiff has suffered a significant loss of earning capacity and income.

23. As further direct and proximate result of the actions of the defendant, the plaintiff endured mental suffering, pain and embarrassment.

## COUNT I

### Discrimination Under 42 U.S.C. §2000e

24. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 23.

25. The defendant's actions towards the plaintiff in discipline and in terminating her employment were based upon her sex, so as to constitute sexual discrimination in violation of 42 U.S.C. §2000e-2.

## COUNT II

### Retaliation Under 42 U.S.C. §2000e-3

26. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 25.

27. The actions of the defendant in terminating the plaintiff was done in retaliation for the plaintiff's complaints of sexual harassment directed to herself, and her complaints of sexually

discriminatory of subordinate employees, and thus was in retaliation for her opposition to claims of employment discrimination in violation of 42 U.S.C. §2000e-3.

**WHEREFORE**, the plaintiff requests this Court to:

a.  Enter a judgment against the defendant.

b.  Enter a declaratory judgment stating that the acts of the defendant are in violation of the plaintiff's rights.

c.  Enter a judgment against the defendant for compensatory damages, including any lost wages, the plaintiff's pain, suffering, humiliation, embarrassment, and other personal injuries.

d.  Enter injunctive relief directing that the defendant take appropriate actions to cease all discriminatory and harassing conduct towards its employees.

e.  Award the plaintiff the cost, interest and attorney fees for this lawsuit.

f.  Award such other and further relief as this Court deems just and appropriate.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber

GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
302-472-4900
Attorney for Plaintiff

DATED: July 22, 2005