IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KHRISTINE M. FLORAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-523-GMS |
| | ) | |
| DELAWARE PARK, LLC, | ) | TRIAL BY JURY DEMANDED |
| A Delaware Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER OF DEFENDANT TO THE COMPLAINT

As answer to the Complaint, Defendant Delaware Park, LLC states as follows:

1. Defendant admits the allegations of this paragraph, upon information and belief.

2. Defendant admits the allegations of this paragraph.

3. Defendant admits the allegations of this paragraph.

## JURISDICTION

4. Defendant admits that the District Court for the District of Delaware has jurisdiction over this matter. The remaining allegations of this paragraph state legal conclusions to which no response is required.

## VENUE

5. Defendant denies that it committed any unlawful employment practices within the State of Delaware. Defendant admits that venue lies in the United States District Court for the District of Delaware.

## EXHAUSTION OF REMEDIES

6.      Defendant admits the allegations of this paragraph, except that Defendant specifically denies any and all allegations of wrongdoing.

7.      Defendant admits the United States Equal Employment Opportunity Commission issued to plaintiff a "dismissal and Notice of Rights." Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## FACTS

8.      Defendant admits the allegations of this paragraph.

9.      Defendant admits that plaintiff worked as a shift supervisor in the Slots Department of its facility located in New Castle County, Delaware. Defendant denies the remaining allegations of this paragraph.

10.     Defendant denies the allegations of this paragraph.

11.     Defendant denies the allegations of this paragraph. By way of further response, Defendant states that on or about February 15, 2003, plaintiff spoke to the vice-president of the slots department and complained that her manager had unfairly compared her with an employee with chronic attendance problems despite her (plaintiff's) own good attendance record.

12.     Defendant admits that an incident with a male security guard formed the basis in part for a counseling notice given to plaintiff, which was signed by her department director. Defendant denies the remaining allegations of this paragraph. Defendant specifically denies any implication of wrongdoing arising from such allegations.

13.     Defendant admits the allegations of this paragraph. Defendant specifically denies any implication of wrong-doing arising from such allegations.

14. Defendant denies that the March 17, 2003 employee counseling notice was retaliatory or in any way wrongful; that plaintiff had no previous training as to jackpot payment procedures; and that plaintiff was given confused instructions. Defendant admits that the counseling notice resulted from plaintiff's poor job performance, including her overpayment of a jackpot on March 10, 2003.

15. Defendant admits the allegations of this paragraph. Defendant specifically denies any implication of wrongdoing arising from such allegations.

16. Defendant denies the allegations of this paragraph. By way of further response, Defendant admits that plaintiff spoke with the Human Relations Director on March 20, 2003. Defendant denies that Plaintiff complained she had been called a "dingbat." Defendant specifically denies that Plaintiff complained, either explicitly or implicitly, that she or her co-workers had been the victims of sex discrimination.

17. Defendant denies the allegations of this paragraph. Defendant specifically denies that Plaintiff complained, either explicitly or implicitly, that she or her co-workers had been the victims of sex discrimination.

18. Defendant denies the allegations of this paragraph as stated. Defendant specifically denies that Plaintiff complained, either explicitly or implicitly, that she or her co-workers had been the victims of sex discrimination.

19. Defendant admits that on or about April 15, 2003 plaintiff met with the Director of Human Resources and that the Director of Human Resources requested plaintiff to stop copying her on email messages regarding departmental procedures. Defendant denies the remaining allegations of this paragraph.

20. Defendant admits that on August 13, 2003, in a meeting with Vice President of Human Resources, Nancy Myshko, and Vice President of the Slots Department, plaintiff's employment with Delaware Park was terminated. Defendant denies the remaining allegations of this paragraph.

21. Defendant denies the allegations of this paragraph.

22. Defendant denies the allegations of this paragraph.

23. Defendant denies the allegations of this paragraph.

## COUNT I

### Discrimination Under 42 U.S.C. § 2000e

24. Defendant incorporates herein as thought fully set forth its responses to paragraphs 1 through 23.

25. Defendant denies the allegations of this paragraph.

## COUNT II

### Retaliation Under 42 U.S.C. § 2000e-3

26. Defendant incorporates herein as thought fully set forth its responses to paragraphs 1 through 25.

27. Defendant denies the allegations of this paragraph.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff is not entitled to an award of damages or other legal or equitable relief under the facts and circumstances of this case.

### THIRD DEFENSE

Some or all of the monetary claims asserted in the Complaint are barred by virtue of Plaintiff's failure to mitigate her alleged damages, if any.

### FOURTH DEFENSE

Defendants' conduct towards and treatment of Plaintiff was at all times based upon reasonable, legitimate, non-discriminatory, and non-retaliatory factors.

WHEREFORE, Defendant respectfully prays for judgment in its favor, that the Complaint be dismissed with prejudice, that Defendant be awarded its costs and attorneys fees, and such other relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: _____
Wendy K. Voss (No. 3142)
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6076 (Telephone)
(302) 658-1192 (Facsimile)
wvoss@potteranderson.com (Email)

*Attorneys for Defendant, Delaware Park*

Dated: August 12, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Wendy K. Voss, hereby certify this 12th day of August, 2005, that the foregoing **ANSWER OF DEFENDANT TO THE COMPLAINT** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

> Gary Aber, Esquire
> ABER, GOLDLUST, BAKER & OVER
> 702 King Street, Suite 600
> P.O. Box 1675
> Wilmington, Delaware 19899

> /s/ Wendy K. Voss
> Wendy K. Voss (No. 3142)
> Hercules Plaza – Sixth Floor
> 1313 North Market Street
> Wilmington, DE 19801
> (302) 984-6076 (Telephone)
> (302) 658-1192 (Facsimile)
> wvoss@potteranderson.com (Email)